PER CURIAM.
This an appeal of a judgment and sentence for manslaughter following a jury trial on a charge of second degree murder. We find merit in only one point raised by appellant. Because the trial court admitted extensive irrelevant evidence of a collateral crime, we reverse.
On New Years Eve 1978-79 an incident occurred in which appellant shot Diane Williams once with a pistol, killing her. Appellant had carried the pistol as he assisted the security guard in ejecting a customer who had threatened to throw a caustic substance on another customer and had engaged in a fight involving the throwing of barstools. As he reentered the bar, appellant shot Williams, who was on her way out of the bar. Appellant telephoned the police immediately following this shooting. As a result of this incident, appellant was charged with second degree murder and released on bond. In April, 1979, another incident occurred in which appellant shot Sheila Smith, with whom he lived, four times, killing her. Again, appellant was charged with second degree murder. The case involving Smith was tried first and resulted in conviction of second degree murder.
At the trial on the charge resulting from Williams’ death, a number of references to the Smith killing were made. For example, Dr. Floro, a forensic pathologist, described the cause of Smith’s death, as well as of Williams’ death, giving a detailed description of the points at which the four bullets entered Smith’s body. At the beginning of his opening statement, the prosecutor had said this was a peculiar case because the jury would hear testimony about two homicides of which appellant was accused. In addition, a police officer was permitted to read portions of a statement which had been taken from appellant after he was apprehended following the Smith shooting. The statement related solely to the Smith shooting and included no references to the Williams’ shooting, which had occurred four months earlier. The statement described appellant’s dissatisfaction with Smith’s friends and various domestic points of contention. Finally, the statement included a description of a struggle over the gun which Smith drew after appellant announced his intention to leave, and related that after the gun went off once and Smith had been shot, appellant took the gun and shot her three more times. After shooting Smith, appellant fled.
The State’s theory in introducing the collateral crime evidence was that it was relevant to appellant’s state of mind or absence of mistake in shooting Williams. We disagree and hold that the evidence relating to the Smith murder was inadmissible. Under Williams v. State, 110 So.2d 654 (Fla.1959):
[Ejvidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion. This rule we hold applies to relevant similar fact evidence.. . even though it points to the commission of another crime.
Common examples of elements which similar fact evidence is relevant to prove include motive, intent, absence of mistake, common scheme or plan, identity, or a system or general pattern of criminality. Id.; *863 Ruffin v. State, 397 So.2d 277 (Fla.1981). In the instant case, the similarities between the two shootings, that both victims were black women and both were shot with a handgun, were completely superficial. The differences were numerous and significant. Under the circumstances, with no significant similarities to render the evidence logically probative of any fact in issue, the collateral crime evidence was simply not relevant for any purpose other than to show criminal propensity, and it was inadmissible for this purpose.
Even if the collateral crime evidence were relevant, in our opinion it became a feature of the trial in this case. Davis v. State, 276 So.2d 846 (Fla.2d DCA 1973) aff’d State v. Davis, 290 So.2d 30 (Fla.1974). Under the circumstances we cannot say the admission of the collateral crime evidence in this case was harmless error. Clark v. State, 378 So.2d 1315 (Fla. 3rd DCA 1980).
REVERSED and REMANDED for a new trial.
McCORD and SHIVERS, JJ., and LILES, WOODIE A. (Retired) Associate Judge, concur.