PER CURIAM.
In 1993, Mr. Brim appealed his judgment and sentence in this case.[1] His prior counsel filed an Anders[2] brief. This appeal traveled with two companion cases in the Second District.[3] In 1995, this court affirmed the conviction but remanded for correction of the sentence. See Brim v. State, 654 So.2d 184 (Fla. 2d DCA 1995). The remainder of this court’s 1995 opinion addressed a DNA issue that is not relevant to this case.
Mr. Brim appealed this court’s decision in these three cases to the Florida Supreme Court, which docketed the three matters as a single case. The supreme court identified all three cases as case number 85,596. Ultimately the supreme court issued an opinion partially disapproving this court’s reasoning. The supreme court instructed this court to remand the matter to the trial court for a limited evidentiary hearing “intended to clarify the exact methods used by the State in calculating its population frequency statistics at the time of the plea and trial.” Brim v. State, 695 So.2d 268, 275 n. 10 (Fla.1997). The supreme court’s opinion did not affect any aspect of Mr. Brim’s judgment or sentence in case number 91-14399. This court then issued an order withdrawing our prior mandate and substituting the supreme court’s opinion and judgment in its place. Thereafter the trial court conducted a limited evidentiary hearing and reaffirmed Mr. Brim’s convictions. He then appealed that order to this court.
Because this specific case should have been unaffected by the supreme court’s decision and there exists some potential confusion about the status of the mandate in this case, we again affirm Mr. Brim’s conviction in case number 91-14399. In the event the sentencing correction previously mandated never occurred, we restate our earlier holding on this sentencing issue and “remand for correction of the sentencing order in [this] case to eliminate the habitual felony offender designation from the misdemeanor sentence.” Brim, 654 So.2d at 189.
We affirm Mr. Brim’s conviction in this case only, and remand for the correction of his sentence in accordance herewith. His other two convictions remain pending on appeal in this court as case number 2D97-4559.
ALTENBERND, A.C.J., and FULMER and SALCINES, JJ., Concur.

. See Brim v. State, No. 2D93-864 (Fla. 2d DCA filed Mar. 8, 1993) (appealing State v. Brim, No. 91-14399 (Fla. 13th Cir.Ct.1993)).

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla. 1991); State v. Davis, 290 So.2d 30 (Fla.1974).

. See Brim v. State, No. 2D93-860 (Fla. 2d DCA filed Mar. 12, 1993) (appealing State v. Brim, No. 92-799 (Fla. 13th Cir.Cl.1993)); Brim v. State, No. 2D93-863 (Fla. 2d DCA filed Mar. 12, 1993) (appealing State v. Brim, No. 92-875 (Fla. 13th Cir.Ct.1993)).