SALCINES, Judge.
Court-appointed counsel brings this Anders [1] appeal on behalf of Gregory L. Thomas regarding the judgments and sentences imposed following his pleas in several cases as well as the order revoking his probation as a result of the commission of the substantive offenses.[2] We affirm those judgments and sentences, and the order *1090 revoking probation in all respects with the exception of the habitual felony offender classification as to count eight in circuit case number 96-5633A-XX. Thomas was convicted for possession of cocaine in count eight. That offense, however, was excluded from the list of offenses for which a defendant could be habitualized. See § 775.084(1)(a)3., Fla. Stat. (1993). Accordingly, as to the habitual felony offender classification on that conviction we reverse and remand for correction of the judgment and sentence. The defendant need not be present for the correction.
Affirmed in part, reversed and remanded in part for proceedings consistent herewith.
PARKER, A.C.J., and NORTHCUTT, J., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla.1991); State v. Davis, 290 So.2d 30 (Fla.1974).

. The substantive offenses were docketed at the circuit court as State v. Thomas, Nos. CF96-5633A-XX; CF96-5661A-XX; CF96-5662A-XX; CF96-5663A-XX; CF96-5982A-XX (Fla. 10th Cir.Ct.1998). The revocation of probation pertained to State v. Thomas, Nos. CF91-2342A1-XX; CF91-2343A1-XX; CF91-2839A1-XX (Fla. 10th Cir.Ct.1991)(in 1998 the trial court entered amended judgments and sentences in addition to the revocation order). These cases were appealed to this court as one matter and docketed as appellate case number 2D98-4198.