SALCINES, Judge.
G.W., a juvenile, appeals a single disposition order that both adjudicates him delinquent and commits him to the Department of Juvenile Justice (“DJJ”). The single adjudication is based on two second-degree felony offenses, aggravated battery with a deadly weapon and throwing a deadly missile at a building, and results in one disposition for the two offenses. We affirm his adjudication of delinquency without comment. We also affirm the single disposition order, but write to explain changes in the law which affect direct appellate review of such orders.
The combined commitment and disposition order in this case appears to be some type of abbreviated form order upon which the juvenile judge checked a box that adjudicated G.W. delinquent and completed a blank that committed him to the DJJ at a Level 8 facility.[1] The form did not contain a provision concerning G.W.’s placement for an indeterminate period not to exceed the relevant adult statutory maximum or his twenty-first birthday. G.W. maintains that the juvenile court erred by entering a single disposition order that did not reflect a separate adjudication of delinquency as *1136 to each of the two offenses. G.W. also contends that the juvenile court erred by committing him to the DJJ for both offenses without specifying to which offense the disposition was related and when the term of his placement would end.
G.W. did not present these arguments to the juvenile court either during his hearing or after the order was entered but, rather, raised these issues on direct appeal to this court. The commitment order was entered on September 9, 1999, after the July 1, 1999, effective date of a significant amendment to section 985.234, Florida Statutes (1999). That section now provides that “[a]n appeal from an order of the court affecting a party to a case involving a child pursuant to this part may be taken to the appropriate district court of appeal within the time and in the manner prescribed by s. 924.051 and the Florida Rules of Appellate Procedure.” Prior to that amendment, the preservation requirements dictated by the Criminal Appeals Reform Act were deemed inapplicable in juvenile proceedings. State v. T.M.B., 716 So.2d 269, 270 (Fla.1998). However, subsequent to July 1, 1999, a direct appeal in a juvenile case “may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.” § 924.051(3), Fla. Stat. (1999).
In light of the dearth of authority to explain how those dictates are to be applied in regard to appeals concerning juvenile dispositions, we turn for guidance to Maddox v. State, 760 So.2d 89 (Fla.2000). In Maddox, the supreme court addressed appellate treatment of various preservation issues in the context of adult proceedings during a specific window period.[2] The court created a window period which corresponded to the amendment of the Florida Rules of Criminal Procedure to provide specific procedural rules which afford defendants an opportunity to preserve certain sentencing issues. In the context of the Florida Rules of Juvenile Procedure, however, such procedural tools are limited to a motion for rehearing, a motion to correct clerical mistakes, and a motion for extraordinary relief. Fla. R. Juv. P. 8.130, 8.135, 8.140. None of those procedural mechanisms set forth in the juvenile rules appears to provide a method for the correction of the errors G.W. has raised in this appeal. Thus, short of a contemporaneous objection, it is not entirely clear how G.W. could have preserved the errors he now raises. Nonetheless, because G.W. did not preserve these issues, this court must determine whether these errors should be corrected as fundamental error.
The imposition of a single disposition order for separate adjudications, as well as the imposition of a general “sentence” for multiple offenses, in juvenile cases, has long been held improper. A.V.B. v. State, 715 So.2d 954 (Fla. 2d DCA 1998); H.L.L. v. State, 595 So.2d 223 (Fla. 2d DCA 1992). Thus, prior to the amendment to section 985.234, the single disposition order in this case would have been remanded for the imposition of a separate disposition order for each offense. Now, however, in the absence of preservation, the appellate court must determine whether the error was fundamental. Applying the rationale of Maddox, such errors must be patent and serious. See Maddox, 760 So.2d at 99. While the impositions of a single disposition order and general disposition were patent errors, this court must determine if they were serious. To do so, this court must evaluate their quantitative effect on the sentence or their qualitative effect on the sentencing process. Id.
*1137 In the present case, the imposition of a general disposition had no quantitative effect. G.W. can properly be committed to the DJJ for an indeterminate period not to exceed the maximum applicable adult term or to the date of his twenty-first birthday, whichever occurs first. See § 985.231(l)(a)(3), Fla. Stat. (1999); A.C. v. State, 688 So.2d 1004 (Fla. 2d DCA 1997). G.W. was adjudicated delinquent based upon two second-degree felony offenses for which a statutory maximum penalty would be fifteen years’ restraint. If G.W. is committed until his twenty-first birthday, October 21, 2004, he will have served just over five years. The DJJ will not restrain G.W. beyond his twenty-first birthday. Thus, his potential period of placement will not exceed the statutory maximum.
More troubling to this court is the analysis of whether the imposition of such a disposition order had a qualitative effect. The supreme court has held that the use of a general sentence should be corrected as fundamental error in the context of an adult proceeding during the window period enunciated in Maddox, as “patent and serious because it has a qualitative effect on the sentencing process.” Parks v. State, 765 So.2d 35 (Fla.2000). In adult proceedings, the qualitative effect is readily apparent. In a juvenile case, in which the disposition is general by its very nature and in which there is no process for scoring prior adjudications, the qualitative effect is more difficult to ascertain. In the present case, there appears to be no qualitative effect. This adjudication involved one case as opposed to multiple cases; the two offenses upon which the adjudication was based were both second-degree felonies; and there was no issue concerning whether G.W.’s dispositions were to be served concurrently or consecutively. Likewise, both the juvenile and the State were on notice of the contents of chapter 985 concerning the maximum period of placement that could be imposed. Consequently, as we have held in juvenile dispositions concerning the imposition of community control, we likewise find that the disposition order entered in the present case should not be reversed because of its failure to recite the content of the relevant statute. See T.J. v. State, 743 So.2d 1158 (Fla. 2d DCA 1999).
Accordingly, although greater specificity in this disposition order might avoid undue confusion, particularly since it involved multiple counts, we decline to find the imposition of this single, general disposition order to have resulted in fundamental error in this case.[3]
Affirmed.
PARKER, A.C.J., and DAVIS, J., Concur.

. The order also incorrectly noted that the adjudication was made after G.W. entered a guilty plea rather than after a trial. This error had neither a quantitative nor qualitative effect on the disposition process.

. Even if that window period had any application in juvenile cases, it is factually inapplicable in the present case. The first brief in this case was filed on March 27, 2000.

. There is a suggested standard disposition order in the form section of the juvenile procedure rules. See Fla. R. Juv. P. Form 8.947. The form in effect at the time of G.W.'s disposition differed from the standard disposition order form which became effective January 1, 2001. The form currently in effect provides for a particularized adjudication as to each count. It also includes expanded placement and disposition provisions.