SALCINES, Judge.
The public defender brings this appeal pursuant to Anders[1] on behalf of J.L.B., a juvenile, following his adjudication of delinquency based upon one case involving two counts of battery and another case involving one count of lewd act upon a child. Although we affirm the adjudication of delinquency on the two battery offenses, we reverse and remand this matter for the imposition of new disposition orders because J.L.B. was charged and adjudicated delinquent of a lewd act based upon an inapplicable statute.[2]
J.L.B. was adjudicated delinquent in a single order of commitment for two counts of battery and one count of lewd act upon a child. The battery counts related to one victim while the lewd act count related to a different victim and was charged in a separate petition. On the commitment order, the two battery adjudications were classified as first-degree misdemeanors while the lewd act adjudication was classified as a second-degree felony.
The lewd act charge arose out of an incident occurring on October 4, 1999, three days after the effective date of revisions to section 800.04, Florida Statutes (1997). Ch. 99-201, § 4, at 834-36; § 17, at 849, Laws of Fla. Under the prior statutory framework, the lewd act offense for which J.L.B. was charged and on which he was adjudicated delinquent[3] was a second-degree felony. See § 800.04, Fla. Stat. (1997). However, under the statute applicable at the time of J.L.B.’s offense, the lewd act for which he was charged and on *1140 which he was adjudicated delinquent was a third-degree felony. See § 800.04(5)(a), (d), Fla. Stat. (1999). J.L.B. was erroneously charged and adjudicated delinquent of a second-degree felony based upon the prior inapplicable statute. Thus, we reverse his adjudication of delinquency for lewd act which was classified as a second-degree felony, and remand for the imposition of new disposition orders.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and ALTENBERND, J., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See also In re Anders Briefs, 581 So.2d 149 (Fla.1991); State v. Davis, 290 So.2d 30 (Fla. 1974).

. Effective January 1, 2001, Juvenile Rule of Procedure 8.115(c) provides that "[e]ach case requires a separate disposition order.” Because the order appealed must be reversed, judicial efficiency is best served by compliance with rule 8.115(c) on remand. This correction also renders moot the additional issues concerning whether sentencing errors regarding the two misdemeanor offenses for which J.L.B. was adjudicated delinquent were fundamental error which could be corrected on appeal. See G.W. v. State, 790 So.2d 1134 (Fla. 2d DCA 2001).

. The juvenile court orally pronounced J.L.B. guilty as charged. The statutory provision in effect at the time of the imposition of J.L.B.'s commitment order required the juvenile court to briefly state the facts upon which it found that a juvenile had committed a delinquent act. § 985.228(5), Fla. Stat. (1999). The recommended form disposition order in effect at the time of J.L.B.'s disposition was unclear in regard to findings of fact. See Fla. R. Juv. P. Form 8.947. We do not reach the issue concerning whether the brief statement of facts was required to be written or merely orally pronounced. We note that effective January 1, 2001, Florida Rule of Juvenile Procedure 8.115(c)(4) requires that the order "make all findings of fact required by law.” The form disposition order provides a blank for the juvenile court to indicate that it "has orally pronounced its reasons for adjudicating and committing this child.” Fla. R. Juv. P. Form 8.947.