SALCINES, Judge.
The underlying issue involved in this appeal, whether certain DNA evidence met Frye[1] standards, was first presented to this court in 1993 when Robert James Brim appealed his convictions in several cases as fully explained in Brim v. State, 754 So.2d 823 (Fla. 2d DCA 2000). Since that time, this court, the supreme court, and the trial court have each grappled with unique considerations concerning the propriety and effect of DNA evidence admitted during Mr. Brim’s trial. Today we specifically address the order signed by the trial court on June 28, 2001, following an evidentiary hearing conducted pursuant *260 to this court’s published order in Brim v. State, 779 So.2d 427 (Fla. 2d DCA 2000). We now conclude that the DNA evidence presented satisfied the Frye standard and was properly admitted. Thus, the trial court did not err in denying Mr. Brim’s motion for new trial and in declining to set aside his judgments and sentences for two criminal episodes involving sexual battery. Accordingly, we affirm Mr. Brim’s convictions.
In our published order, we relinquished jurisdiction to the trial court with instructions. In addition to ordering the trial court to conduct a case management conference and to determine the relevant scientific community in which the scientific principles and testing procedures employed must reach general acceptance, we also instructed it to conduct a limited evi-dentiary hearing during which it was to receive evidence in response to specific enumerated inquiries. Brim, 779 So.2d at 447-48. The trial court conducted the evi-dentiary hearing and entered a thoughtful order explaining the procedural history, determining the relevant scientific community, and addressing each of those enumerated inquiries. When that order returned to this court, we ordered supplemental briefing.
Shortly after the parties submitted their supplemental briefs, the supreme court issued a decision in Darling v. State, 808 So.2d 145 (Fla.2002), which at least implicitly renders moot the majority of the evi-dentiary concerns expressed in our published order. In his supplemental brief, Mr. Brim also concedes that Frye was satisfied with respect to several evidentia-ry concerns we had expressed in our published order. Specifically, he concedes that the Frye standard was satisfied as to the ladder used to perform his DNA test as well as the specific probes used in his case and in the FBI frequency table which was applied to him.
As to our inquiry regarding the lack of direct testimony concerning the level of uncertainty in the population frequency calculations, the trial court found, and the evidence supports the finding, that it has been a generally accepted practice not to require disclosure of the degree of uncertainty in population frequency tables. In regard to that inquiry, we note that the trial court suggests that disclosure of the level of uncertainty should be required as a matter of law. On the other hand, the State suggests that the level of uncertainty is a matter which should be dealt with through the presentation of experts by the prosecution and the defense, and the cross-examination of those experts. We recognize the significance of this issue, but since it does not affect our decision, we decline to address it at this time.
Affirmed.
ALTENBERND and FULMER, JJ., Concur.

. Frye v. United States, 293 F. 1013 (D.C.Cir.1923).