845 So.2d 222 (2003)
Raymond C. HAGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3534.
District Court of Appeal of Florida, Second District.
April 4, 2003.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Raymond C. Hagins, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant *223 Attorney General, Tampa, for Appellee.
SALCINES, Judge.
The public defender brings this appeal on behalf of Raymond C. Hagins pursuant to Anders[1] following a jury's verdict of guilt for robbery and petit theft. In the Anders brief, the public defender presents several issues for review by this court and claims that two of the sentencing issues appear to be meritorious.[2] The State concedes error in regard to Hagins' sentences. We affirm Hagins' convictions without discussion, but reverse the sentences, in part, and remand for resentencing.
Prior to sentencing, the State asked that Hagins be sentenced on his robbery conviction to twenty years as a habitual felony offender and to fifteen years as a prison releasee reoffender. Defense counsel objected, arguing that the court could not sentence Hagins as both a prison releasee reoffender and a habitual felony offender. The trial court imposed a fifteen year term of imprisonment sentencing Hagins as both a prison releasee reoffender and a habitual felony offender.
The dual enhancement was improper. See Grant v. State, 770 So.2d 655 (Fla.2000). The State concedes error on this point. Accordingly, we reverse and remand for resentencing on Hagins' robbery conviction.
We note that the written sentence on Hagins' petit theft conviction reflected that he was sentenced to 391 days' imprisonment with credit for 391 days' served. Hagins was charged with and convicted of second-degree misdemeanor petit theft, which carries a maximum sentence of sixty days' imprisonment. §§ 812.014(3)(a), 775.082(4)(b), Fla. Stat. (1999). Although Hagins was not exposed to additional incarceration on his petit theft conviction, the sentence was technically illegal. The State again concedes error. Since the trial court must resentence Hagins on the robbery conviction, upon resentencing the trial court may correct the petit theft sentence.
Affirmed in part; reversed in part and remanded for resentencing.
SILBERMAN and KELLY, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla.1991); State v. Davis, 290 So.2d 30 (Fla.1974).
[2] Hagins raises five issues on his own behalf for which he claims reversible error. The pro se issues raised by Hagins lack merit.