VILLANTI, Judge.
Leroy C. McDonald appeals his conviction and sentence for robbery. McDonald contends that the trial court erred: (1) in denying his motion to suppress an in-court identification of McDonald by a witness and (2) in sentencing McDonald as a prison releasee reoffender and as a violent habitual offender. We affirm, without comment, on the first ground. However, on the second ground, we reverse and remand for resentencing.
McDonald was sentenced to fifteen years’ prison. McDonald’s written judgment and sentence indicates that he was sentenced as a ‘Violent Habitual Offender” and as a “Prison Release Re-Offender.”
McDonald argues that, at the sentencing hearing, the judge initially intended to sentence McDonald to a life sentence with both enhancements but changed his mind after he was reminded that McDonald was convicted of only a second-degree felony. The judge said: “Strike what I said earlier. The sentence is 15 years in Florida *1267 State Prison.” McDonald argues that the judge struck the enhancements along with the life sentence. Consequently, McDonald asserts that the trial judge did not intend to sentence him as a violent habitual offender or as a prison releasee reoffen-der when finally sentencing him to fifteen years’ prison. We reject this argument. Although the judge could have made his oral pronouncement more clear, it appears that the judge intended to strike only the life sentence and replace it with a fifteen-year sentence, retaining both enhancements.
However, this dual enhancement was improper because McDonald’s fifteen-year sentence is not greater than the mandatory prison releasee reoffender sentence. See § 775.082(9)(c), Fla. Stat. (2003); Grant v. State, 770 So.2d 655, 659 (Fla. 2000); Hagins v. State, 845 So.2d 222, 223 (Fla. 2d DCA 2003). Notably, the State rightfully concedes the error. Accordingly, we reverse and remand for resentenc-ing.
Reversed and remanded for resentenc-ing.
DAVIS and LaROSE, JJ„ Concur.