[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14214
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00408-SPC-UAM


LEROY C. MCDONALD,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 26, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Leroy C. McDonald seeks a writ of habeas corpus setting aside his conviction at the hands of a Lee County, Florida, jury for robbing a Merita Bread store on June 5, 2003.  The District Court denied the writ, and he appeals its judgment.  We issued a certificate of appealability ("COA") on two issues:

(1) Whether the admission of Barbie Edison's in-court identification, Despite the suggestive identification procedures used by Detective Matthew Sellers, violated McDonald's right to due process.  *See Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S. Ct. 375, 382, 34 L. Ed.2d 401 (1972).

(2) Whether McDonald's counsel rendered ineffective assistance by failing to call Officer Randy Jelks and Detective Dennis Keen at the suppression hearing in order to undermine Edison's testimony that she provided a precise description of the robber prior to Seller's suggestive procedures.  *See Strickland v. Washington*, 466 U.S. 668, 696, 104 S. Ctr. 2052, 2064, 2079, 80 L. Ed.2d 674 (1984).

Under 28 § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a federal court may not grant habeas relief on claim that was previously adjudicated in state court on the merits unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, a clearly established Supreme Court holding, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d)(1)-(2).  A state court's decision is contrary to clearly established Supreme Court precedent if it arrives at a conclusion

2

opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Borden v. Allen*, 646 F.3d 785, 817 (11th Cir. 2011). The "unreasonable application[] of clearly established Federal law" clause within § 2254(d)(1) permits federal habeas relief if the state court correctly identified the governing legal principle from Supreme Court precedent but unreasonably applied that principle to the facts of the petitioner's case. *Id*. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

In the instant scenario, the Florida District Court of Appeal, in rejecting the first issue on direct appeal and the second issue on collateral attack, did not explain the reason for its decisions. The Supreme Court has instructed us on how to treat an appellate court decision that is not accompanied with an explanation. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 131 S. Ct. 770, 784, 178 L. Ed.2d 624 (2011). Our task in the present situation is to review the record before the Florida District Court of Appeal and "determine what arguments or theories supported or,

3

as here, could have supported, [its] decision." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1402, 179 L. Ed. 2d 557 (2011).

With these principles in hand, we consider the two issues the COA presents after recounting how robbery at issue occurred and where Edison was situated at the time.

The robbery place while Edison was waiting in line to make a purchase at the Bread store's check-out counter. Petitioner was standing in front of her. He had two cakes in his hands. He placed the cakes on the counter, then turned around to warn Edison to step back because he didn't want her involved. She stepped back, and Petitioner, facing the clerk, Dawn Blue, ordered her to give him all the money in the cash register. After Blue filled a couple of bread bags with money, Petitioner made Blue and Edison to go to the back of the store and a moment later left the premises.

Following his arrest, the State Attorney for Lee County filed an information in the Lee County Circuit Court charging Petitioner with robbery with a firearm.[1] Prior to trial, Petitioner moved the Circuit Court to suppress Edison's photo identification of him on the ground that the identification was tainted. Following

---

[1] As indicated above, Petitioner was convicted of the lesser-included offense of robbery.

4

an evidentiary hearing, the court suppressed the identification.[2]  At trial, both

Edison and Blue identified Petitioner as the culprit.[3]

## I.

Petitioner challenged the validity of Edison's in-court identification in

appealing his conviction to the Florida District Court of Appeal.  In affirming

Petitioner's conviction, the court rejected the challenge "without comment."

*McDonald v. State*, 946 So.2d 1266 (Fla. 2d DCA 2007).

A conviction "based on eyewitness identification at trial following a pretrial

identification by photograph [should be set aside] only if the photographic

identification procedure was so impermissibly suggestive as to give rise to a very

substantial likelihood of irreparable misidentification."  *Simmons v. United States*,

390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).  If, as here, the

court determines that the original identification procedure was unduly suggestive,

it must consider whether, under the totality of the circumstances, the identification

was nonetheless reliable.  *United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir.

2001).  To determine if an identification is reliable, the court considers the  factors

the Supreme Court established in *Neil v. Biggers*: (1) the witness's opportunity to

---

[2]  The police had obtained Edison's identification of Petitioner's photograph by showing her the photograph after she failed to identify him when shown a six-card photo-pac line-up.

[3]  The court overruled, though, defense counsel's objection to Edison's in-court identification of Petitioner.  We note that before Edison testified, the court informed defense counsel that he could cross-examine Edison about the suggestive procedure the police had used (during its investigation of the robbery) to obtain her identification of Petitioner's photograph.

view the perpetrator; (2) the degree of attention; (3) the accuracy of the description; (4) the witness's level of certainty at the time of confrontation; and (5) the length of time between the crime and the identification.  409 U.S. 188, 199-200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *see also Diaz*, 248 F.3d at 1102.  When the indicia of reliability are outweighed by the corrupting effect of the suggestive practices, the identification should be suppressed.  *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977). Although the ultimate conclusion as to the reliability of the identification is a mixed question of law and fact not governed by the § 2254(d) presumption of correctness, analysis of each of the *Biggers* factors is an issue of fact governed by the presumption.  *Jones v. Newsome*, 846 F.2d 62, 64 (11th Cir. 1988).

In considering Petitioner's *Biggers* claim, the District Court referred to the Circuit Court's finding that Edison's identification of Petitioner was reliable.

> The testimony was that the defendant . . . robbed the store in which [Edison] was a customer.  [Edison] testified that she stood side by side with the defendant for several moments and the defendant noticing that at that time, he then took further action and told the witness to get in the back room. The witness then looked directly in the face for a few seconds and she also indicated that she told the detective handling the investigation a complete full description of the defendant and was fairly precise in that description. The witness was then called to the Police Department several days later but could not come so the detectives came to her house where the lineup of pictures were shown to the witness.
> The Court further finds that the testimony of the time that the witness was able to view the victim during the crime plus her description given to the detective before any pictures were shown

established sufficiently that the witness was identifying the defendant from her own personal observations and her recollections were indicated to the Police Department before any pictures were shown. Therefore, any direct identification of the defendant by this witness will not be suppressed.

*See* Order on Mot. Suppress, Exh. 1, Vol. II at 24-25.  The District Court concluded, and we do as well, that the District Court of Appeal's decision affirming trial court's in-court identification ruling was not based on "an unreasonable determination of the facts in light of the evidence presented," nor was it "contrary to, or an unreasonable application of," the Supreme Court's holding in *Biggers*.  AEDPA therefore requires that we affirm the District Court's resolution of the first issue on appeal.

## II.

Petitioner litigated his ineffective assistance of counsel claim collaterally under Florida Rule of Criminal Procedure 3.850.  The Circuit Court denied the claim based on the records of suppression hearing on Petitioner's motion to suppress Edison's photo identification of Petitioner as the robber and the trial proceedings, and the District Court of Appeal affirmed, without opinion. *McDonald v. State*, 36 So.3d 98 (Fla. 2d DCA 2010) (Table).

In assessing the appellate courts' disposition of Petitioner's claim, we apply a "doubly" deferential standard which takes into account § 2254's deference to state court decisions and the deference to counsel performance, affirming the state

court's "there is any reasonable argument that counsel" acted pursuant to prevailing professional standards. *See Harrington v. Richter*, 562 U.S. at ____, 131 S.Ct. at 788 (quotations omitted).

The Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A habeas petitioner claiming ineffective assistance of counsel bears the burden of proof and must prove both prongs of the *Strickland* test. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). If the defendant makes an insufficient showing on the either prong, the court need not address the other prong. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

To establish deficient performance, the petitioner must show his counsel's performance was objectively unreasonable in light of prevailing professional norms at the time the representation occurred. *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. In determining whether counsel's performance was deficient, "counsel is strongly presumed to have rendered adequate assistance and made all

8

significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. "The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel." *Blanco v. Singletary*, 943 F.2d 1477, 1495 (11th Cir. 1991).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* "It is not enough for the defendant to show that the error[] had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. at 2067.

Petitioner's ineffective assistance claim was Ground 3 of his Rule 3.850 motion. The trial court rejected the claim thusly:

> Defendant claims that counsel was ineffective for failing to call as witnesses Detective Keen, Officer Jelks, and Officer Mansell. [He] alleges these . . . witnesses would have testified that [Blue] and [Edison] gave no, or vague, descriptions of the suspect, and that fingerprints lifted from the scene did not match Defendant. However, this information was elicited from [Blue] and [Edison] and testimony by [Keen, Jelks, and Mansell] would have been cumulative. Trial counsel's failure to subpoena [the] witnesses is not prejudicial where the testimony is presented to the jury by other evidence. Counsel is not ineffective for failing to present evidence that was cumulative to evidence already presented.

Record, Vol. 10, Tab 16 at 3.

9

The District Court of Appeal, in affirming the trial court's denial of Rule 3.850 relief, found no error in this ruling.  The District Court, in turn, concluded that the decision was not infirm under § 2254(d)(1) or (2).  We find no error in the District Court's decision and accordingly affirm its rejection of Petitioner's ineffective assistance claim and consequent denial of habeas relief.

III.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.